UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BYRON CHARLES, MEIKEE BUSH,** | * | **CIVIL ACTION NO.:** |
| **AND SHALITA CAMBRICE** | * | |
| | * | |
| | * | **SECTION:** |
| **VERSUS** | * | |
| | * | |
| | * | **JUDGE** |
| **THOMAS ROSE, CENTRAL** | * | |
| **TRANSPORTATION SERVICES, INC.,** | * | |
| **NATIONAL INTERSTATE INSURANCE** | * | **MAGISTRATE** |
| **COMPANY, AND ABC INSURANCE** | * | |
| **COMPANY** | * | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs BYRON CHARLES, MEIKEE BUSH, AND SHALITA CAMBRICE who aver as follows:

**PARTIES**

1.

Made Plaintiffs herein are:

A. BYRON CHARLES, a person of the full age of majority and resident of and domiciled in Gretna, Parish of Jefferson, State of Louisiana;

B. MEIKEE BUSH, a person of the full age of majority and resident of and domiciled in Gretna, Parish of Jefferson, State of Louisiana; and

C. SHALITA CAMBRICE, a person of the full age of majority and resident of and domiciled in Gretna, Parish of Jefferson, State of Louisiana.

2.

Made Defendants herein are:

1

A. THOMAS ROSE, a person of full age of majority and resident of and domiciled in St. Louis, Missouri;

B. CENTRAL TRANSPORTATION SERVICES, INC., a foreign corporation authorized to do and doing business in the State of Louisiana and/or a foreign corporation which has minimum contacts with the State of Louisiana as it has purposefully availed itself of the privilege of conducting activities within the State of Louisiana by putting its products into commerce in the State of Louisiana, thus invoking the benefits and protections of Louisiana's law and reasonably anticipating the possibility of being haled into court in Louisiana;

C. NATIONAL INTERSTATE INSURANCE COMPANY, a foreign insurance company, authorized to do and doing business in the State of Louisiana and/or a foreign insurance company which has minimum contacts with the State of Louisiana as it has purposefully availed itself of the privilege of conducting activities within the State of Louisiana by putting its products into commerce in the State of Louisiana, thus invoking the benefits and protections of Louisiana's law and reasonably anticipating the possibility of being haled into court in Louisiana; and

D. ABC INSURANCE COMPANY (Fictitiously named), an unknown and unidentified insurance company, authorized to do and doing business in the State of Louisiana and/or an unknown and unidentified insurance company which has minimum contacts with the State of Louisiana as it has purposefully availed itself of the privilege of conducting activities within the State of Louisiana by putting its products into commerce in the State of Louisiana, thus invoking the benefits

and protections of Louisiana's law and reasonably anticipating the possibility of being haled into court in Louisiana.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a dispute involving citizens of diverse status, and the amount in controversy exceeds $75,000.00.

4.

Venue is appropriate in the Eastern District of Louisiana under 28 U.S.C. § 1391 (b)(2), because it is the judicial district where a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL FACTUAL ALLEGATIONS

5.

Upon information and belief, that on or about December 3, 2017 around 5:45 p.m., Defendant Thomas Rose was the driver of Defendant Central Transportation Services, Inc.'s commercial 2015 Penske Cascadia, with a Kansas license plate 146441, V.I.N. 3AKJGHDVXFSGS7087, and a trailer, a 2014 Freightli Cargo, with a Kansas license plate 463507, traveling east on I-10 in the right lane in Orleans Parish.

6.

Upon information and belief, that on the same date and time set forth above, Plaintiff Byron Charles was the driver and owner of a 2006 Infiniti M35, with a Louisiana license plate 359AYW, V.I.N. JNKAY01E96M106826, traveling in the same direction as Defendant Thomas

Rose but in the middle lane in Orleans Parish. Plaintiffs Meikee Bush and Shalita Cambrice were guest passengers.

7.

Upon information and belief, that defendant Thomas Rose negligently failed to keep a proper lookout and attempted to change from the right-hand lane to the middle lane, causing his vehicle and trailer to enter Plaintiffs' lane of travel and collide with the vehicle containing Plaintiffs.

8.

Upon information and belief, that at all times material hereto, Defendant Thomas Rose was an employee of Defendant Central Transportation Services, Inc. acting within the course and scope of his employment, and consequently his conduct is attributable to Defendant Central Transportation Services, Inc. pursuant to the doctrine of *respondeat superior*, and Defendant Central Transportation Services, Inc. is legally responsible for Defendant Thomas Rose's actions.

9.

That the above described accident was caused solely by the negligence of Defendant Thomas Rose, including but not limited to, the following:

- A. Failing to see and/or observe what he could or should have seen;
- B. Failing to maintain proper control of his commercial vehicle and/or trailer;
- C. Operating his commercial vehicle and/or trailer in a careless and/or reckless manner;
- D. Failing to operate his commercial vehicle and/or trailer in a safe and/or prudent manner;

E.      Failing to maintain a proper lookout;

F.      Failing to maintain a proper distance;

G.      Failing to stop his commercial vehicle and/or trailer to avoid a collision;

H.      Causing a collision;

I.      Improper lane usage; and

J.      Other acts and/or omissions constituting fault and/or negligence which will be shown more fully at trial.

10.

At all times material hereto, Defendant Central Transportation Services, Inc., as owner of the above described commercial vehicle and/or trailer operated by Defendant Thomas Rose, and/or as employer of Defendant Thomas Rose, maintained a policy of automobile liability insurance with Defendant National Interstate Insurance Company, under which said policy covered the negligence of Defendant Thomas Rose and Defendant Central Transportation Services, Inc. and specifically covers the damages complained of in this complaint, such that Plaintiffs have a right of direct action against Defendant National Interstate Insurance Company as liability insurer of Defendant Central Transportation Services, Inc. pursuant to Louisiana Revised Statute 22:1269.

11.

At all times material hereto, Defendant Central Transportation Services, Inc., as owner of the above described commercial vehicle and/or trailer operated by Defendant Thomas Rose, and/or as employer of Defendant Thomas Rose, maintained a policy of automobile liability insurance with Defendant ABC Insurance Company, its fictitiously named auto insurer, under which said policy covered the negligence of Defendant Thomas Rose and Defendant Central Transportation Services, Inc. and specifically covers the damages complained of in this

complaint, such that Plaintiffs have a right of direct action against Defendant ABC Insurance Company as liability insurer of Defendant Central Transportation Services, Inc. pursuant to Louisiana Revised Statute 22:1269.

12.

As a direct and proximate cause of the negligence of Defendant Thomas Rose and Defendant Central Transportation Services, Inc. Plaintiff Byron Charles suffered personal injury and property damages.

13.

That as a result of the above described accident, Plaintiff Byron Charles suffered multiple, and/or serious/severe injuries to his skeletal, musculatory and nervous system, including but not limited to his lumbar, requiring him to seek/incur extensive/expensive medical treatment and costs.

14.

That Plaintiff Byron Charles is entitled to recover damages including but not limited to the following: past, present and future: medical expenses; physical pain and suffering; mental anguish and emotional distress; loss of enjoyment of life; loss of earnings and wages and/or earning capacity; disability; and any other relief as the court may determine appropriate.

15.

As a direct and proximate cause of the negligence of Defendant Thomas Rose and Defendant Central Transportation Services, Inc. Plaintiff Meikee Bush suffered personal injury.

16.

That as a result of the above described accident, Plaintiff Meikee Bush suffered multiple, and/or serious/severe injuries to her skeletal, musculatory and nervous system, requiring her to seek/incur extensive/expensive medical treatment and costs.

17.

That Plaintiff Meikee Bush is entitled to recover damages including but not limited to the following: past, present and future: medical expenses; physical pain and suffering; mental anguish and emotional distress; loss of enjoyment of life; loss of earnings and wages and/or earning capacity; disability; and any other relief as the court may determine appropriate.

18.

As a direct and proximate cause of the negligence of Defendant Thomas Rose and Defendant Central Transportation Services, Inc. Plaintiff Shalita Cambrice suffered personal injury.

19.

That as a result of the above described accident, Plaintiff Shalita Cambrice suffered multiple, and/or serious/severe injuries to her skeletal, musculatory and nervous system, including but not limited to her shoulder, requiring her to seek/incur extensive/expensive medical treatment and costs.

20.

That Plaintiff Shalita Cambrice is entitled to recover damages including but not limited to the following: past, present and future: medical expenses; physical pain and suffering; mental anguish and emotional distress; loss of enjoyment of life; loss of earnings and wages and/or earning capacity; disability; and any other relief as the court may determine appropriate.

WHEREFORE, Plaintiffs Byron Charles, Meikee Bush, and Shalita Cambrice pray that defendants be duly served and cited to appear and answer this Complaint, and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiffs Byron Charles, Meikee Bush, and Shalita Cambrice and against the defendants, Thomas Rose, Central Transportation Services, Inc., National Interstate Insurance Company and ABC Insurance Company, jointly and severally and *in solido*, in an amount as it may be reasonable on the premises and/or sufficient to adequately compensate Plaintiffs for their damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit, and for all general and equitable relief deemed proper by this Honorable Court.

Respectfully submitted:

/s/ Vanessa Motta
Vanessa Motta, Esq. (La. Bar No. 36915)
Motta Law, LLC
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 581-1493

/s/ Joseph M. Bruno
Joseph M. Bruno, Trial Attorney (LA Bar No. 3604)
Donald D. Reichert, Jr. (LA Bar No. 33328)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Attorneys for Plaintiffs

**WITHHOLD SERVICE:**
ABC INSURANCE COMPANY