UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BYRON CHARLES, MEIKEE BUSH AND SHALITA CAMBRICE | * | CIVIL ACTION NO. 2:18-CV-12153 |
| | * | JUDGE CARL J. BARBIER |
| VERSUS | * | |
| | * | MAG. DANA DOUGLAS |
| THOMAS ROSE, CENTRAL TRANSPORTATION SERVICES, INC., NATIONAL INTERSTATE INSURANCE COMPANY AND ABC INSURANCE COMPANY | * | **JURY TRIAL** |
| * * * * * * | * | |

**ANSWER TO COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Defendant, **Central Transportation Services, Inc.**, and answers the Complaint of Plaintiffs, **Byron Charles**, **Meikee Bush** and **Shalita Cambrice**, as follows:

1.

The allegations of paragraph 1 of the Complaint do not call for an answer but are denied out of an abundance of caution.

2.

The allegations of paragraph 2 of the Complaint do not call for an answer but are denied out of an abundance of caution except to admit Defendant, Central Transportation Services, Inc., is a Kansas corporation with its principal place of business in Kansas.

3.

The allegations of paragraph 3 of the Complaint do not call for an answer but are denied out of an abundance of caution as to whether Plaintiffs suffered damages. However, for the purposes of jurisdiction, Defendant admits this Court has subject matter jurisdiction over this matter based upon the allegations contained in the Complaint.

4.

The allegations of paragraph 4 of the Complaint do not call for an answer but are denied out of an abundance of caution as to whether an accident occurred. However, for the purposes of venue, Defendant admits venue is proper before this Court based upon the allegations contained in the Complaint.

5.

The allegations of paragraph 5 of the Complaint are denied as written except to admit Mr. Rose was operating a commercial vehicle on Interstate 10 eastbound in the right lane at or about the date and time alleged.

6.

The allegations of paragraph 6 of the Complaint are denied out of a lack of sufficient information to justify a belief therein.

7.

The allegations of paragraph 7 of the Complaint are denied.

8.

The allegations of paragraph 8 of the Complaint call for a legal conclusion. However, without admitting National Interstate Insurance Company, Central Transportation Services, Inc. and/or Mr. Rose caused the accident in question and without admitting Plaintiffs suffered any

injury, Defendant admits at the time and on the date in question, Mr. Rose was in the course and scope of his employment.

9.

The allegations of paragraph 9 of the Complaint and its subparts are denied.

10.

The allegations of paragraph 10 of the Complaint are denied except to admit Defendant, Central Transportation Services, Inc., owned the commercial vehicle Mr. Rose was driving, was Mr. Rose's employer and was issued a policy of commercial auto liability insurance by National Interstate Insurance Company, policy number WPP 8200008 10, which is primary. The policy is a written contract and is therefore the best evidence of and is subject to its terms, conditions, limitations, exclusions and coverages.

11.

The allegations of paragraph 11 of the Complaint are denied as written.

12.

The allegations of paragraph 12 of the Complaint are denied.

13.

The allegations of paragraph 13 of the Complaint are denied.

14.

The allegations of paragraph 14 of the Complaint are denied.

15.

The allegations of paragraph 15 of the Complaint are denied.

16.

The allegations of paragraph 16 of the Complaint are denied.

17.

The allegations of paragraph 17 of the Complaint are denied.

18.

The allegations of paragraph 18 of the Complaint are denied.

19.

The allegations of paragraph 19 of the Complaint are denied.

20.

The allegations of paragraph 20 of the Complaint are denied.

21.

Any allegations contained in the prayer for relief are denied out of an abundance of caution.

AND NOW, further answering, Defendant, Central Transportation Services, Inc., pleads as follows:

22.

The accident and/or alleged injuries and damages of Plaintiffs were caused wholly or in part by Plaintiffs, especially Byron Charles, in the following, non-exclusive particulars:

1. failure to keep a proper lookout;
2. failure to maintain a normal lookout for ordinary and reasonable conditions at the time existing;
3. failure to see what he/they should have seen;
4. failure to act as a reasonable person under similar circumstances;
5. failure to take proper precautions for their safety and the safety of others;
6. failure to adhere to state and municipal statutes and regulations;
7. failure to maintain control of his/their vehicle; and

8. any and all other acts of negligence to be shown at the trial of this matter and acting as a complete bar to or reduces any claim by Plaintiffs herein.

23.

The accident at issue herein was caused by the creation of a "sudden emergency," which was not of the making of Defendant, and which absolves Defendant of any and all fault.

24.

The accident, injuries and/or damages of Plaintiffs were caused wholly or in part by the actions of a third party or third parties for whom Defendant cannot be responsible or liable.

25.

Defendant asserts the provisions of Louisiana Civil Code Articles 2323 and 2324 for assessment of fault against all persons and entities, regardless of such persons' or entities' insolvency, ability to pay, degree of fault, immunity by statute of otherwise or that the identity of same is now known or reasonably ascertainable, whose actions in any way caused or contributed to the accident, injuries and/or damages alleged in this matter, which will either serve as a complete bar to recovery against Defendant or, in the alternative, for which Plaintiffs' recovery against Defendant should be appropriately reduced.

26.

Should Defendant be found liable for Plaintiffs' alleged damages, which are denied, then any recovery by Plaintiffs should be barred or appropriately reduced by Plaintiffs' failure to mitigate their damages.

27.

The damages and injuries alleged herein were incurred by Plaintiffs as a result of a separate, intervening and/or superseding cause and such cause will either serve as a complete bar

to recovery against Defendant or, in the alternative, for which Plaintiffs' recovery against Defendant should be appropriately reduced.

28.

Any injuries and damages allegedly sustained by Plaintiffs, which are at all times herein denied, are the result of pre-existing condition(s), the origin and subsequent treatment of which did not arise out of, result from, or relate to the accident at issue herein.

29.

Defendant is entitled to a credit and/or setoff for any and all payments made to or on behalf of Plaintiffs by any person or entity and pleads the extinguishment of any obligation due to Plaintiffs to the extent of such payments.

30.

Defendant pleads the applicability of the "No Pay/No Play" Statute, Louisiana Revised Statutes 32:866, in the event Plaintif(s) failed to have in effect valid automobile liability insurance at the time of the subject accident.

31.

Defendant reserves the right to supplement and/or amend this Answer, setting forth additional affirmative defenses and/or file incidental demands as the facts may later disclose and require.

32.

Defendant is entitled to and hereby demands a trial by jury on all issues herein.

WHEREFORE, Defendant, Central Transportation Services, Inc., prays after due proceedings be had, there be judgment herein in favor of Defendant, and against Plaintiffs, dismissing Plaintiffs' suit, with prejudice and at Plaintiffs' cost, and for such other relief that

may be just and equitable, and for trial by jury on all issues herein.

Respectfully submitted,

/s/ *Nathan M. Gaudet*

GUY D. PERRIER, #20323
gperrier@perrierlacoste.com
NATHAN M. GAUDET, #30514
ngaudet@perrierlacoste.com
Perrier & Lacoste, LLC
365 Canal Street, Suite 2550
New Orleans, LA 70130
Telephone: (504) 212-8820
Facsimile: (504) 212-8825

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, e-mail, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 2nd day of May, 2019, at their last known address of record.

/s/ *Nathan M. Gaudet*

NATHAN M. GAUDET